Rose, C. J.,
with whom Maupin and Douglas, JJ., agree, concurring:
For the reasons stated in my concurring and dissenting opinion in Summers v. State,[1]1 believe that capital defendants have a Sixth Amendment right to confront the declarants of testimonial hearsay statements admitted during an unbifurcated capital penalty hearing. Where the hearing is bifurcated into death-eligibility and selection phases, as it was in Thomas’s case, I believe that the right to confrontation extends only to evidence admitted during the eligibility phase. Here, testimonial hearsay — Officer Bailey’s testimony about Hall’s statements and the transcript of that interrogation — was admitted during the eligibility phase, but Hall was unavailable to testify and Thomas had a prior opportunity to cross-examine him. I therefore concur in the majority’s conclusion that it was not error under the Confrontation Clause and Crawford v. Washington[2] to admit this evidence.

 122 Nev. 1326, 148 P.3d 778 (2006).

 541 U.S. 36 (2004).